UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **EDMUNDO VARGAS**, | ) | |
| | ) | |
| **Plaintiff,** | ) | No: 22 CV 3613 |
| | ) | |
| vs. | ) | |
| | ) | |
| **COMMONWEALTH EDISON CO.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**AS AND FOR A FIRST COUNT OF ACTION**
**(Title VII- RACE ORIGIN DISCRIMINATION)**

**Nature of the Action**

1. **EDMUNDO VARGAS**, ("VARGAS") brings this action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991, 42 U.S.C.A. §§ 2000e et seq., ("ACT"). venue jurisdiction under 28 U.S.C.A. § 1343 (4) and 42 U.S.C.A. § 2000e-5(f), for **COMMONWEALTH EDISON CO.**, ("COM ED") having subjected VARGAS to National Origin discrimination by failure to treat him the same as non-Hispanic-Mexican employees despite VARGAS' complaints about same.

**PARTIES**

2. VARGAS, is an adult Hispanic male of Mexican decent, working in a racially diverse office and is a resident of Addison, Cook County, State of Illinois.

3. VARGAS was an employee of COM ED.

4. At all times relevant, COM ED has been a corporation organized under the laws of Delaware and is doing business in Illinois.

5. COM ED is an employer within the meaning of the Civil Rights Act and 42 U.S.C.

2000(e) *et seq*., and has been at all times material to the allegations herein.

## FACTUAL BASIS

6. That VARGAS was treated differently than non-Hispanic, Mexican employees in the handling of his hostile work environment.

7. Further, COM ED by its action or inactions of its agents based upon VARGAS's complaints about his working conditions in the work place, agents caused and created a hostile work environment which unreasonably interfered with the terms and conditions of VARGAS's employment and VARGAS's performance in his job, based upon his Race. And National Origin. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by inter alia the Civil Rights Act of 1991.

8. By reason of his racial discrimination of COM ED, VARGAS has suffered a loss of benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

9. The COM ED's violation of VARGAS rights was willful.

10. Plaintiff filed a discrimination charge against Defendant with the Equal Employment Opportunity Commission (EEOC). That charge was timely filed by VARGAS against COM ED on July 3, 2021, and April 19, 2022. (See Exhibit "A" & "C")

11. On December April13, 2022, Plaintiff was sent a notice from the COM ED of his right to bring this action (see Exhibit "B"& "D"), and Plaintiff timely filed this action.

## AS AND FOR A SECOND COUNT OF ACTION
### (Title VII-NATIONAL ORIGIN DISCRIMINATION)

### Nature of the Action

12. VARGAS realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

## FACTUAL BASIS

13. That VARGAS was treated differently than non-Mexican employees in the handling of her work environment.

14. Further, COM ED by its action or inactions of its agents based upon VARGAS's complaints about her working conditions in the work place, agents caused and created a hostile work environment which unreasonably interfered with the terms and conditions of VARGAS's employment and VARGAS's performance in her job, based upon her National Origin. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by <u>inter alia</u> the Civil Rights Act of 1991.

15. By reason of the National Origin discrimination of COM ED, VARGAS has suffered a loss of benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

16. The COM ED's violation of VARGAS rights was willful.

17. Plaintiff filed a discrimination charge against Defendant with the Equal Employment Opportunity Commission (EEOC). That charge was timely filed by VARGAS against

## AS AND FOR A THIRD COUNT OF ACTION
### (Title VII-RACE-RETALIATION)

18. VARGAS realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

COM ED has intentionally retaliated against VARGAS, based upon VARGAS's requests for accommodations and his Complaint to the Equal Employment Opportunity Commission Docket No. 440-2021-05808 against COM ED. Wherein, Defendant's agents created a hostile work environment for her and terminated her on March 30, 2020.

3

19. By reason of the retaliation of SAFEWAY, VARGAS has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

20. Further, said action on the part of the SAFEWAY was done with malice and reckless disregard for VARGAS'S protected rights.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Title VII RELIGIOUS DISCRIMINATION)

**Nature of the Action**

21. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by <u>inter alia</u> Civil Rights Act of 1991, for the Defendant, COM ED having subjected VARGAS to religious discrimination by failure to treat him the same as other non-Catholic employees despite VARGAS'S complaints about same.

22. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

23. by its action or actions of its agents caused and created a hostile work environment which unreasonably interfered with religious convictions of Plaintiff. Agents of COM ED created a religious, hostile and offensive work environment. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e) et seq; as amended by <u>inter alia</u> the Civil Rights Act of 1991

24. By reason of the religious discrimination of Defendant, Plaintiff has suffered loss of benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

25. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiff's protected rights.

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:

1. Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

2. For injunctive relief, including but not limited to relief required to make Plaintiff whole so there are no future retaliations or blocked opportunities and for any losses caused by the violations of Defendant;

3. For compensatory damages of $300,000.00 for each count set forth above;

4. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

5. For such other and further relief as the court deems proper.

                        EDMUNDO VARGAS

                    BY:**/S/ Michael T. Smith**
                        Michael T. Smith

Michael T. Smith 6180407IL
10 N. Martingale Road Suite 400
Schaumburg, Illinois 60173
(847) 466-1099